RECEIVED
17 JUL 28 PM 2:26

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

BRET DAVID LANDRITH
*Plaintiff*

v.

AMAZON.COM Inc.
(AMAZON.COM.KSDC LLC)
*Defendant*

**Complaint for a Civil Case**

Case No. 17-cv-00626

## REQUEST FOR TRIAL BY JURY

Plaintiff requests trial by jury.

I.  The Parties to the Complaint

   A. The Plaintiff

   BRET DAVID LANDRITH
   803 S. Lake Drive
   Independence,
   MO 64053
   Telephone 913-951-1715
   eMail bret@bretlandrith.com

   B. The Defendant

   AMAZON.COM Inc.
   410 TERRY AVENUE,
   NORTH SEATTLE
   WA 98109
   Telephone 206-266-1000

   David Zapolsky, Esq. (DZ-8058) davidz@amazon.com
   Vice President & Associate General Counsel Litigation & Regulatory Affairs
   1200 12th Avenue South
   Suite 1200
   Seattle, Washington 98144
   Telephone: (206)266-1323
   eMail davidz@amazon.com

   Defendant's regional wholly owned subsidiary agent:

   AMAZON.COM.KSDC LLC
   2654 North Highway 169
   Coffeyville, KS 87337
   Phone: 1-620-464-2000
   Web url: www.amazon.com

   Registered Agent

   CORPORATION SERVICE COMPANY
   2900 SW Wanamaker Drive Suite 204,
   Topeka, KS 66614

# COMPLAINT FOR FAILURE TO PAY WAGES

II. **Basis for Jurisdiction**

    A. **Federal question**

Redress for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*.

    **1. Pendant State Law Jurisdiction**

The diverse party AMAZON.COM Inc. is subject to supplemental jurisdiction under 28 U.S.C. § 1367 for violations of RSMo 290 *et seq*.

    B. **The Defendant**

AMAZON.COM Inc. is incorporated under the laws of the the State of Delaware, and has its principal place of business in the State of Washington, the defendant is registered as a foreign corporation named AMAZON.COM.KSDC LLC in the State of Kansas.

    C. **The Amount in Controversy**

The amount in controversy is in excess of $700.00.

III. **Statement of Claim**

1. AMAZON.COM Inc. advertises repeatedly on television stations in Kansas City, Missouri for warehouse workers at the warehouse of its wholly owned subsidiary and agent AMAZON.COM.KSDC LLC's Edgerton, Kansas fulfillment center identified by the company as MKC4 - FC.

2. The 56 year old plaintiff responded to the advertising for jobs by filling out an online application, taking tests at an employment agency and was employed by AMAZON.COM Inc. on July 2nd, 2017.

3. The plaintiff worked 40 hours including 10 hours on the Independence Day holiday during the week from July 3rd, 2017 through July 8, 2017 to be paid on the regularly scheduled payday of July 14, 2017.

4. The plaintiff was given an ADP pay card by AMAZON.COM Inc. but was unable to activate the card after repeated attempts and brought the issue to the AMAZON.COM Inc. Human Resources assistant at the beginning of a work shift and was informed that the card would not activate until wages were due the plaintiff.

5. The following week the plaintiff was directed to work mandatory overtime of an extra hour on top of the ten hour shift on the second day and to come in on the regularly scheduled day off to work 11 hours on July 12, 2017.

6. The weather was excessively hot and humid and when the plaintiff was working the fourth day, July 13, 2017, the plaintiff was suffering from disorientation and minor heat stress and realized that he had walked into the shop floor with his cell phone following the first break contrary to AMAZON.COM Inc. policy and attempted to immediately turn it into the security desk.

7. The plaintiff attempted to fill out the form required by the warehouse security company including the cell phone's serial number, however after disassembly it was discovered that the IPhone 6 did not have an external serial number and while following the instructions of the

security guard, the plaintiff unlocked his cell phone with the password but was unable to find the operating software steps to reveal the serial number.

8. This conduct was seen as insubordination by AMAZON.COM Inc. onlookers and after the plaintiff returned to work, he was called to Human Resources at approximately 10:50 pm during which the plaintiff explained that he was having problems in the heat including confusion and disorientation and that he had not been able to acclimatize to the physical work in the heat operating a order pulling lift and that he would separate from employment with AMAZON.COM Inc. and leave the building after filling out an exit interview form and verifying that his paycheck would be sent by mail since he still could not activate the paycard.

9. The plaintiff was not paid on July 14, 2017 and the pay card could not be activated, AMAZON.COM Inc. also canceled access to the online HR site with the plaintiff's pay records and benefit information.

10. AMAZON.COM Inc. sent an email memorializing the separation from employment and cautioning the plaintiff to observe the continuing employment contract non-disclosure requirements. See **Exhibit 1 Employment Termination Notice**

11. The plaintiff contacted the HR telephone number he was provided during employment and explained that he had not received a paycheck, AMAZON.COM Inc. Human Resources technician said that a check would come in the mail to the address given by the plaintiff and to contact the office again on Monday July 24, 2017.

12. When no check had been received, the plaintiff contacted the HR telephone number again on Monday July 24, 2017 at which time he was informed that his pay slips had been submitted and he would receive a second and final check on the next regularly scheduled payday, Friday,

July 28 however, the plaintiff pointed out that he did not receive any payment to date and had not been compensated or given any consideration for his work in violation of the Fair Labor Standards Act.

13. In the afternoon of Monday July 24, 2017, the plaintiff went to the office of the US Department of Labor, after hearing the facts and obtaining copies of the employment documentation and contact information AMAZON.COM Inc. provided the plaintiff, the investigator decided to open a complaint against AMAZON.COM Inc.

14. On the evening of Wednesday July 26, 2017, the US Department of Labor contacted the plaintiff by telephone to inform him that she had contacted the various offices of the defendant AMAZON.COM Inc. including the Human Resources office the plaintiff had been given, but that non had returned her calls.

15. At all times AMAZON.COM Inc. was and is a contractor for the United States government.

## COUNT I

The failure to pay the plaintiff on July 14, 2017 (or to place in the mail a paycheck on that day) a minimum wage of $7.25 an hour for the preceding 40 week violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206 (a).

## COUNT II

The failure to make arrangements to pay the plaintiff on July 14, 2017 (or to place in the mail a paycheck on that day) is a willful and intentional nonpayment in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206 (a) and for each pay period the plaintiff is owed a paycheck from AMAZON.COM Inc.

## COUNT III

The failure to pay the plaintiff on July 28, 2017 (or to place in the mail a paycheck on that day) a minimum wage of $7.25 an hour for the preceding 40 week violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206 (a) and for each pay period the plaintiff is owed a paycheck from AMAZON.COM Inc.

## COUNT IV

The defendant AMAZON.COM Inc. breached a contract with the plaintiff to pay the plaintiff for all hours worked at the AMAZON.COM Inc. Edgerton, Kansas fulfillment center on a shift where the rate of pay was 12.00 an hour plus a set shift differential, and to pay the plaintiff a holiday pay rate of time and a half for 10 hours work by the plaintiff on July 4th, 2017, and to pay the plaintiff an overtime pay rate of time and a half for the 11 hours work by the plaintiff on July 11th, 2017, and an additional hour worked by the plaintiff on July 10th, 2017.

The plaintiff hereby makes a claim for damages under Missouri state law from breach of contract where the defendant AMAZON.COM Inc. repudiated its contract duties to pay the plaintiff for hourly labor the defendant ordered the plaintiff to perform, supervised the plaintiff during the performance of, and documented the hours and work of the plaintiff.

## IV . Relief

1. The plaintiff seeks an order that the defendant AMAZON.COM Inc. pay the plaintiff a minimum wage of $7.25 an hour for the approximately 77 hours the plaintiff worked for the defendant under 29 U.S.C. § 206.

2. The plaintiff seeks an order that the defendant AMAZON.COM Inc. pay the plaintiff the contracted hourly pay rate of 12.00 an hour plus shift differential for the approximately 77 hours the plaintiff worked for the defendant and for the extra holiday hourly rate for the ten hours worked by the plaintiff on July 4, 2017.

a. The wrongs alleged in the plaintiff's complaint are continuing to occur at the present time and the plaintiff has not received wages from the defendant.

b. The plaintiff claims actual damages for the acts alleged in his complaint.

c. The plaintiff does claim punitive monetary damages limited to the 29 U.S.C. §§ 201 *et seq.* statutory liquidated damages of pay equal to each pay period missed or willfully delayed by the defendant.

**V. 28 U.S. Code § 1915 (a)(1) Statement**

The plaintiff believes he is entitled to redress in this action to collect minimum wages from AMAZON.COM Inc. under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* where it is undisputed that he was an AMAZON.COM Inc. employee and did clock in and work approximately 77 hours and has not been paid or given any compensation or contractual consideration by AMAZON.COM Inc.

The FLSA is to be liberally construed to achieve its purpose. *Mitchell v. Lublin, McGaughy & Assocs.*, 358 U.S. 207, 211 (1959). The law is there to protect those who are receiving a minimum wage and are living from paycheck to paycheck. A delay of a few days or a week in the remittance of wages may only be a minor inconvenience to some, but for those at the lower end of the economic scale, even a brief delay can have serious and immediate adverse

consequences. The precedent is also that payment at a point after payday is tantamount to nonpayment under the FLSA. *Biggs v. Wilson*, 1 F.3d 1537, 1539-44 (9th Cir. 1993).

**V. Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: July 28th, 2017

_____

Bret D. Landrith, Plaintiff Pro Se

803 S. Lake Drive
Independence, MO 64053
Telephone 913-951-1715
eMail bret@bretlandrith.com